MARY PHYLLIS SOILEAU
v.
SMITH'S TRUE VALUE RENTAL, ET AL.
No. CM 09-1233.
Court of Appeals of Louisiana, Third Circuit.
October 21, 2009.
Not Designated for Publication
JAMES MICHAEL PERCY, STAFFORD, STEWART & POTTER, Counsel for Defendants/Appellants: Deere and Company John Deere Limited.
RICHARD JOSEPH PETRE, Jr., Onebane Law Firm, Counsel for Defendant/Appellee: Smith's Hardware.
W. GLENN SOILEAU, JACQUES P. SOILEAU, Soileau Law Office, Counsel for Plaintiff/Appellee: Mary Phyllis Soileau.
STEVEN J. BIENVENU, FALGOUST, CAVINESS & BIENVENU, Counsel for Defendant/Appellee: Louisiana Municipal Risk Management.
KAREN DAY WHITE, Louisiana Municipal Association, Counsel for Defendant/Appellee: Town of Mamou.
Court composed of DECUIR, PETERS, and PAINTER, Judges.
PAINTER, Judge.
Plaintiff-appellee filed a motion to dismiss the unlodged appeal in this suit on the basis that the judgment of which appellate review is being sought requires designation pursuant to La.Code Civ.P. art. 1915. This court previously granted the writ application filed by defendants-appellants, docketed in this court under number CW-09-1066, for the sole purpose of consolidation with the appeal to be lodged in this court. Because part of the judgment at issue is immediately appealable under La.Code Civ.P. art. 1915(A)(6) and because any interlocutory rulings have now been consolidated with the appeal to be lodged in this court, we deny the plaintiff's motion to dismiss.
The judgment at issue, signed on August 3, 2009, grants the plaintiff's motion to compel and for contempt and sanctions. In so doing, the trial court found that the defendants were in contempt of a previous court order compelling discovery; ordered the defendants to produce, within ten days of the date of judgment, all information omitted in violation of the previous court order compelling discovery; ordered certain facts amounting to liability deemed admitted as sanctions under La.Code Civ.P. art. 1471; and ordered the defendants to pay $15,000 in attorney fees and $10,000 in expenses in discovery sanctions pursuant to La.Code Civ.P. art. 1471.
On August 10, 2009, the defendants filed a motion for appeal of the abovedescribed judgment. The trial court signed the order granting the appeal on August 12, 2009. Thereafter, the defendants also filed a notice of intent to seek supervisory writs of the same judgment and subsequently filed a writ application with this court, docketed under number CW-09-1066. This court granted the instant writ for the sole purpose of consolidating it with the appeal to be lodged with this court.
We find that the judgment at issue is immediately appealable as to the ruling granting the plaintiff's motion for contempt and sanctioning the defendants. This court has held that judgments imposing sanctions are immediately appealable. See La.Code Civ.P. art. 1915(A)(6); Corbello v. Isle of Capri Casino, 04-1633 (La.App. 3 Cir. 1/12/05), 892 So.2d 149. The judgment also grants a motion to compel. While generally this is a judgment only to be reviewed under this court's supervisory jurisdiction, this court found that in the interests of judicial economy and justice, review of the entire judgment should await lodging of the record and briefing by the parties on the pending appeal. Accordingly, we find that the judgment is properly before this court on appeal, and we deny the plaintiff's motion to dismiss.
MOTION TO DISMISS UNLODGED APPEAL DENIED.